**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

EMMITT WORTHY, III,       :
                                  :    Civil Action No. 05-1905 (RBK)
        Plaintiff,    :
                                  :
      v.    :    **OPINION**
                                  :
N.J. STATE PAROLE BOARD,  :
et al.,    :
                                  :
        Defendants.    :

**APPEARANCES:**

Emmitt Worthy, III, Plaintiff <u>pro</u> <u>se</u>
Riverfront State Prison
#429430/626818A
P.O. Box 9204
Camden, NJ 08101

**KUGLER**, District Judge

     Plaintiff Emmitt Worthy, III, a prisoner currently confined at Riverfront State Prison, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

     At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or

malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that dismissal of the Complaint is warranted.  Nothing in this case suggests that plaintiff may be able to state a valid claim by amending the complaint.

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

In August 2003, Plaintiff was arrested for an alleged violation of parole and was taken into custody.  He received a preliminary hearing at which he was deprived of the right to face his accuser.  Specifically, his parole officer did not appear and the substitute parole officer who did appear had no personal knowledge of the relevant facts.  Plaintiff requested an opportunity to question his parole officer, whose evidence was used to determine whether there was probable cause to believe Plaintiff had violated his conditions of parole.  Plaintiff's parole was revoked after this preliminary hearing.  Plaintiff did not receive any final revocation hearing.  Plaintiff's several attempts to appeal the revocation of parole have been unsuccessful, in part because the New Jersey State Parole Board has denied receiving his appeal documents.  In addition, the

revocation of parole has been a factor in a subsequent denial of parole.

Plaintiff names as Defendants the New Jersey State Parole Board and various parole officials.  Plaintiff seeks damages and declaratory and injunctive relief.  Plaintiff does not expressly ask for release.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C.§ 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits by the New York State Department of Correctional Services as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to

compel restoration of the credits, which would have resulted in their immediate release. 411 U.S. at 476. The prisoners did not seek compensatory damages for the loss of their credits. 411 U.S. at 494. The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of his conviction in a suit for damages only under § 1983, a form of relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

6

512 U.S. at 486-87 (footnote omitted).  The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will <u>not</u> demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted).  The Court further held that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  <u>Id.</u> at 489-90.

More recently, in <u>Edwards v. Balisok</u>, 510 U.S. 641 (1997), the Supreme Court applied the lessons of <u>Preiser</u> and <u>Heck</u> to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of

the challenged judgment, there the disciplinary finding and punishment. 520 U.S. at 646-8.

Here, Plaintiff seeks to bring a claim for damages arising out of alleged deprivations of due process in connection with his parole revocation hearings. The Supreme Court teaches that the requirements of due process in general do apply to parole revocation proceedings. See generally Morrissey v. Brewer, 408 U.S. 471 (1972). Specifically, before being deprived of liberty through revocation of parole, a parolee is entitled to a prompt preliminary hearing, at or reasonably near the place of the alleged parole violation or arrest, to determine whether there is probable cause or reasonable ground to believe that the parolee has committed acts that would constitute a violation of parole conditions. Morrissey, 408 U.S. at 485. The determination that reasonable ground exists for revocation of parole should be made by someone not directly involved in the case, after notice to the parolee, an opportunity for the parolee to speak on his own behalf and to present evidence and witnesses, and to question those who have given adverse information. Id. at 485-87.

A parolee is also entitled to a final revocation hearing which "must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." Id. at 488. "The parolee must have an opportunity to be heard and to show, if he can, that he did not

violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation." Id.  The minimum requirements of due process include "(a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) an opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."  Id. at 489.

   Although Plaintiff does not specifically request relief in the form of release from custody, his claim that his parole was revoked in violation of the due process standards set forth in Morrissey is precisely the type of claim for damages barred by the Preiser/Heck/Balisok line of cases.  A determination that he was deprived of liberty without due process would necessarily imply the invalidity of his current custody.  Accordingly, the claim is premature until such time as the parole revocation decision has been otherwise invalidated.  The Complaint must be dismissed for failure to state a claim.

V. CONCLUSION

For the reasons set forth above, the Complaint will be dismissed for failure to state a claim. See 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It does not appear that Plaintiff can cure the deficiencies of his Complaint by filing an amended complaint at this time. This dismissal shall count as a "strike" under 28 U.S.C. § 1915(g). An appropriate order follows.

S/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: April 21, 2005